# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| **COINDELL BRYANT** | **CIVIL ACTION NO. 04-2582** |
| VS. | SECTION P |
| JIM ROGERS, ET AL. | JUDGE MINALDI<br>MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Alvin Stalling on December 22, 2004. In his complaint, the plaintiff complains of incidents that occurred during his incarceration at CPP and names CPP Warden Jim Rogers, CPP Assistant Warden JoAnn Peshoff, and CPP physician Clarence Snyder, as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff states that shortly after his June 7, 2004, arrival at CPP, he was given a job working in the field on Farm-Line Four. Plaintiff also joined the CPP boxing team, which required a physical examination. The examination showed that plaintiff had a heart murmur, and plaintiff was referred to Moss Regional Hospital for any further evaluation needed in this regard. At some point, plaintiff states that he began working in the kitchen and was also put in the field on Farm-Line Six. Plaintiff questions why the defendants had him working in those areas given his heart murmur diagnosis. Plaintiff alleges in his complaint that CPP does not have a 24 hour

medical staff; that CPP does not have an ambulance; that CPP has non-medical personnel distributing medication; and, that CPP has a high number of medical related inmate deaths. Based on the above, plaintiff filed a civil rights complaint seeking (1) a transfer to a facility that "best suits my medical needs," and (2) $1,500,000.00 in damages.

At the time he filed his complaint, plaintiff was incarcerated at C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana. Plaintiff was subsequently transferred to the Washington Correctional Institution, in Angie, Louisiana. [Doc. #4].

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

The basis of plaintiff's complaint is that CPP has an inadequate medical facility. As previously stated, plaintiff has been transferred from CPP to another prison facility. The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 96 S.Ct. 347 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff,*

*Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Rocky v. King,* 900 F.2d 864 (5th Cir. 1990); *Holland v. Purdy*, 457 F.2d 802 (5th Cir.1972)(plaintiff's claim against sheriff for injunctive relief because of refusal to permit him to see a notary public and send out legal documents became moot when plaintiff sent to another institution). Therefore, to the extent that plaintiff seeks injunctive relief in the form of a transfer, his claim is now moot and subject to dismissal.

To the extent that plaintiff seeks $1,500,000.00 in damages for the alleged constitutional violations, his claim must also fail. Absent a specific physical injury, the plaintiff's claim for monetary damages is barred by 42 U.S.C. §1997e(e). *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005); *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir.1997). The most liberal reading of the allegations contained in plaintiff's complaint does not support a finding that plaintiff sustained any physical injury as a result of the defendants' alleged actions. In fact, plaintiff does not even allege that he sustained any injuries, he merely advances unsubstantiated claims that the medical facility at CPP is insufficient and may not be able to properly treat inmates. Because the plaintiff's allegations do not support a finding that plaintiff sustained any injury as a result of the actions alleged herein, he fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's claims seeking injunctive relief be **DENIED** and **DISMISSED** as moot.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims seeking compensatory

damages be **DISMISSED WITH PREJUDICE** as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of June, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE